MEMORANDUM ENDORSEMENT

Julio Alfredo Rosario Gonzalez v. United States
23 CR 186 (VB)
23 CV 11327 (VB)

Copies Mailed/Faxed
Chambers of Vincent L. Briccetti

The government's request to extend its time to respond to petitioner's Section 2255 motion is GRANTED.   The government's response is now due <u>March 25, 2024</u>.  Petitioner's reply, if any, shall be filed by <u>April 25, 2024</u>.

Chambers will mail a copy of this Order and the attached letter to petitioner at the address he provided when he filed his petition, which is:

Julio Alfredo Rosario Gonzalez
Reg. No.98692-509
FCI Allenwood Low
P.O. Box 1000
White Deer, PA 17887

Chambers will also mail a copy of this Order and attached letter to petitioner at the following address, which according to the BOP website is petitioner's current address:

Julio Alfredo Rosario Gonzalez
Reg. No.98692-509
FTC Oklahoma City
Federal Transfer Center
P.O. Box 898801
Oklahoma City, OK  73189

Petitioner was notified when he filed his petition that he is required to notify the Court in writing if his address changes.  He is directed to provide his current address to the Court.  If he fails to do so, his petition could be dismissed for failure to comply with a court order.  Any submissions to the Court must be mailed to the following address:

U.S. District Court
Pro Se Clerk
U.S. Courthouse
300 Quarropas Street
White Plains, NY  10601

Dated: March 5, 2024
      White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

March 4, 2024

The Honorable Vincent Briccetti
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re:   ***United States v. Julio Alfredo Rosario Gonzalez,***
      **23 Cr. 186 (VB)**
      **23 Civ. 11327 (VB)**

Dear Judge Briccetti:

The Government writes respectfully to request a three-week extension of time in which to respond to defendant Julio Alfredo Rosario Gonzalez's Section 2255 motion. I am the prosecutor assigned to this case, and am currently on trial before the Honorable Jennifer L. Rochon. The extension of time would allow the Government to provide this Court with a thorough opposition to the Section 2255 motion.

As this Court is aware, on April 7, 2023, Gonzalez waived indictment and pleaded guilty, pursuant to a plea agreement, to a one-count information charging him with participating in a conspiracy to distribute and possess with intent to distribute fentanyl, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). As set forth in the plea agreement, Gonzalez—who had delivered approximately two kilograms of fentanyl, which would trigger the enhanced penalty provisions set forth in Section 841(b)(1)(A) (namely, a 10-year mandatory minimum and life maximum) if the Government alleged the weight of the drugs that were the object of the conspiracy—Gonzalez faced no mandatory minimum, a statutory maximum of 20 years' imprisonment, and a stipulated Guidelines range of 70 to 87 months' imprisonment.

This Court sentenced Gonzalez on July 20, 2023. In advance of that sentencing, Gonzalez's counsel collected 23 different letters in support of Gonzalez, and, in a sentencing memorandum, sought a sentence of two years' imprisonment. The Probation Office recommended a downward variance from the applicable Guidelines range to 60 months' imprisonment. Ultimately, this Court decided to vary downward from the applicable Guidelines range and sentenced Gonzalez to 60 months' imprisonment.

On November 25, 2023, Gonzalez moved this Court to reduce his sentence pursuant to Amendment 821 to the Guidelines. The Government did not object to such a

Hon. Vincent Briccetti
March 4, 2024
Page 2 of 3

reduction and, on January 26, 2024, this Court reduced Gonzalez's sentence to 57 months' imprisonment.

In late December 2023[1]—while his sentence-reduction motion was pending—Gonzalez filed a Section 2255 motion alleging that his retained counsel was ineffective because "there were numerous mitigating circumstances that could have been raised that could have brought about a different imposed term of incarceration other than the 60 months of imprisonment." In particular, Gonzalez argues that his family was affected negatively by his sentence, and that his attorney did not give an excuse for why his client fled when the police attempted to arrest him. Gonzalez's Section 2255 motion—which is not accompanied by an affidavit—claims, incorrectly, that: (1) the Probation Office recommended a 54-months sentence (it recommended a 60-month sentence); and (2) the charges to which he pleaded guilty only "allowed his sentence to be from 0 to 60 months" (it could be anywhere from time served to 20 years, and the applicable Guidelines range was 70 to 87 months' imprisonment). This Court directed the Government to respond to Gonzalez's motion by today.

Gonzalez's Section 2255 motion is meritless. However, to respond fully and properly, I ordered a copy of the sentencing transcript. I believed that I had not yet received it; I learned today that it had been delivered in hard copy to my White Plains office; however, because I was preparing for, and am now on, a trial in Manhattan, I had not been to my White Plains office and therefore had not seen the transcript. Earlier today, a copy was scanned and sent to me. To be clear, this delay is entirely due to my error.

The Government seeks a relatively brief extension of time to review the sentencing transcript and prepare a full and proper response to Gonzalez's Section 2255 motion. While it is not a difficult motion to respond to, I am currently on trial, and therefore would not be able to give it the attention it deserves if I were to try to file the response tonight or in the next week or two. Moreover, there is little to no likelihood of prejudice to Gonzalez from a three-week extension. Not only is Gonzalez's motion meritless, but, in any event, Gonzalez was arrested on April 30, 2022—approximately 22 months ago. Even if there were a resentencing—and there should not be—it would be hard to conceive that the minor Section 3553(a) factors raised by Gonzalez would move the needle enough to require his immediate release.

Accordingly, the Government respectfully requests a three-week extension—to March 25, 2024—to respond to Gonzalez's motion.

---

[1] Gonzalez's 2255 motion is undated; the postmark is December 27, 2023.

Hon. Vincent Briccetti
March 4, 2024
Page 3 of 3

Please do not hesitate to contact me with any questions.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by:

Michael D. Maimin
Assistant United States Attorney
(212) 637-2340

cc:   Julio Alfredo Rosario Gonzalez, USMS #98862-509 (by U.S. Mail)