Copies Mailed/Faxed
Chambers of Vincent L. Briccetti

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

UNITED STATES OF AMERICA            :

v.                                  :          **ORDER**

JULIO ALFREDO ROSARIO               :          23 CR 186 (VB)
GONZALEZ,                           :
                    Defendant.      :

------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-1-26

     For the following reasons, defendant Rosario Gonzalez's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) is DENIED.[1]

     On July 20, 2023, Rosario Gonzalez was sentenced to 60 months' imprisonment on his guilty plea to conspiracy to distribute and possess with intent to distribute fentanyl. By order dated January 26, 2024, Rosario Gonzalez was resentenced to 57 months' imprisonment based on Amendment 821 to the U.S. Sentencing Guidelines, made retroactive by the United States Sentencing Commission. Rosario Gonzalez now seeks a further reduction of his term of imprisonment based on an amendment to the Sentencing Guidelines that became effective on November 1, 2025. The amendment he quotes from extensively is Amendment 833, which effectively broadens the application of the Guidelines' mitigating role adjustment in certain drug trafficking cases. However, Amendment 833 does not apply to Rosario Gonzalez. Even if did apply, Rosario Gonzalez would not merit a mitigating role adjustment.

     Amendment 833 does not apply to Rosario Gonzalez because it is not listed in subsection (d) of the policy statement set forth in Guidelines § 1B1.10. Thus, a reduction in Rosario Gonzalez's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2), because such a reduction would not be consistent with the applicable policy statement. To be clear, Rosario Gonzalez is not eligible for a reduction of his term of imprisonment pursuant to Section 3582(c)(2).

     Moreover, even if Rosario Gonzalez were eligible—he is not—he would not qualify for relief because, under the circumstances of this case, he would not merit a mitigating role adjustment. Rosario Gonzalez was the primary point of contact for a confidential informant looking to "purchase" a large quantity of narcotics. Within days of speaking to the informant, Rosario Gonzalez procured two kilograms of fentanyl, an extraordinarily dangerous drug, and arranged to transport the drugs from Massachusetts to Westchester County, New York, where he and several co-conspirators met up with the informant to consummate the transaction, utilizing multiple cars and other precautions. Rosario Gonzalez was not a low-level or minor player in the transaction—he set up the transaction. Without him, the transaction would not have happened.

---

[1]     In deciding the instant motion, the Court has reviewed Rosario Gonzalez's motion, the government's response thereto, and the underlying record of this case. Rosario Gonzalez was given the opportunity to submit a reply but he did not do so.

1

Finally, all of the Section 3553(a) factors that warranted the original sentence continue to weigh strongly against Rosario Gonzalez's early release—the need for the sentence imposed to reflect the nature and seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant.

The motion is DENIED.

Chambers will mail a copy of this Order to defendant at the following address:

Julio Alfredo Rosario Gonzalez, Reg. No. 98692-509
FCI Yazoo City Low II
Federal Correctional Institution
P.O. Box 5000
Yazoo City, MS  39194

Dated: May 1, 2026
       White Plains, NY

                              SO ORDERED:

                              Vincent L. Briccetti
                              United States District Judge

2